254 So.2d 574 (1971)
Willie F. GRIFFIN, Appellant,
v.
GENERAL GUARANTY INSURANCE COMPANY, Appellee.
No. 71-296.
District Court of Appeal of Florida, Third District.
November 23, 1971.
*575 Gerald E. Vick and Hansford D. Tyler, Jr., Miami, for appellant.
Sherouse & Virgin and Chester E. Whittle, Jr., Miami, for appellee.
Before PEARSON and CHARLES CARROLL, JJ., and LESTER, M. IGNATIUS, Associate Judge.
PER CURIAM.
The defendant, Griffin, appeals from a declaratory decree for plaintiff, insurance company, seeking construction of Allan Williams' insurance policy. The defendant was injured in an automobile accident in a car owned and operated by another who was uninsured, and he sought recovery under his nephew's insurance policy providing coverage for the nephew and his relatives, who are residents of the same household. It was undisputed that Griffin was a relative of Williams, but it was contended by the plaintiff that even though Griffin resided three to four days a week with his nephew, he actually maintained his residence with his mother and stepfather at another domicile.
The sole issue before the trial court was whether the defendant, Griffin, was a resident of the same household of his nephew, and as such entitled to the uninsured motorist coverage under his nephew's policy. After hearing the testimony the trial court determined that the defendant, Griffin, was not a resident of the same household of his nephew and denied coverage. The defendant contends that the trial court erred in making this finding and argues that the evidence establishes that he was a resident of both the household of his nephew and his mother and stepfather.
The trial judge was the trier of the facts, and his conclusions are presumed to be correct and will not be reversed unless there is a demonstration that there was a complete lack of sufficient, competent evidence to support the findings of the trial judge. See Cruger v. Allstate Insurance Company, Fla.App. 1964, 162 So.2d 690; Davis v. Levin, Fla.App. 1962, 138 So.2d 351; and Pergament v. Pergament, Fla. App. 1960, 117 So.2d 26.
For the foregoing reasons the judgment is
Affirmed.