434 So.2d 963 (1983)
Michael A. SEMBRIC, Appellant/Cross Appellee,
v.
ALLSTATE Insurance Company, Appellee/Cross Appellant.
No. 81-470.
District Court of Appeal of Florida, Fourth District.
June 15, 1983.
Rehearing Denied August 9, 1983.
Joe N. Unger of Law Offices of Joe N. Unger, P.A., Miami, and John J. Bulfin of *964 Pomeroy, Betts, Wiederhold & Moses, West Palm Beach, for appellant/cross appellee.
D. David Keller of Bunnell, Denman & Woulfe, P.A., Fort Lauderdale, for appellee/cross appellant.
LETTS, Chief Judge.
This is an appeal from an order granting a new trial because the manifest weight of the evidence precluded the jury from finding that a nephew was entitled to coverage under his uncle's automobile insurance policy. We affirm with a modification.
The nephew suffered injuries as a result of an accident while a passenger on a motorcycle and sought uninsured motorist coverage through his uncle's insurance policy with Allstate. Under the terms of the policy, Allstate had agreed to insure against liability incurred either by the named insured or by a relative of the named insured if both were residents of the same household. At the time of the accident, the nephew was living in a house owned by his uncle in Boca Raton, Florida, but Allstate denied coverage nevertheless contending that his uncle was not a resident of the Boca Raton house, only visited it occasionally and was in fact a resident of Cleveland, Ohio.
Subsequently, the insurance company brought a cause of action for declaratory relief to determine its rights and liabilities under the policy. The nephew counterclaimed alleging entitlement to uninsured motorist coverage, the cause went to trial and the jury determined that the nephew was entitled to the uninsured motorist coverage. Thereafter, the trial court granted Allstate's motion for a new trial.
The sole question meriting discussion is whether a policy with a resident family household member provision, requires that those members of the "household" dwell or live together on a permanent basis. See Griffin v. General Guaranty Ins. Co., 254 So.2d 574 (Fla. 3d DCA 1971). We answer in the affirmative.
Here, the record clearly demonstrates that the nephew and the uncle did not dwell in the same household on a permanent basis. It is clear that the uncle never visited the Boca Raton home more than seven weeks out of any one year. Moreover for the past twenty years, the uncle has worked and lived in Cleveland forty five weeks each year with his three sons. He pays Ohio State income taxes and is a registered voter there. The uncle does not hold a Florida's driver license and his three automobiles are all registered and licensed in Ohio. Although the uncle purchased the Boca Raton house with the intention of some day retiring to reside in Florida, that alone does not make him a permanent resident of this locality now. Thus, the evidence unquestionably establishes that the nephew and the uncle do not live together on a permanent basis.
Accordingly, we affirm the trial court's determination that the jury verdict was against the manifest weight of the evidence. Furthermore, we see no need for a new trial and instead we direct the trial judge to enter a final judgment in favor of Allstate.
DELL, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.