468 So.2d 410 (1985)
CITY OF LIVE OAK, Appellant,
v.
John ARNOLD, Appellee.
No. AW-217.
District Court of Appeal of Florida, First District.
April 25, 1985.
John A. DeVault, III, and Michael D. Whalen of Bedell, Dittmar, DeVault, Pillans & Gentry, P.A., Jacksonville, for appellant.
George S. Reynolds, III, Tallahassee, for appellee.
SMITH, Judge.
The City of Live Oak, defendant below, appeals an order of the trial court granting summary judgment of liability against the city in appellee-Arnold's action for damages. Arnold sued the city for wrongful denial of his application for a building permit, and for arbitrary and capricious actions in first denying, then granting, then revoking, and subsequently reinstating his permit. We reverse.
In March of 1979, Arnold applied to the city for building permits for construction of *411 a residence on a parcel of land located adjacent to Long Street, on the outskirts of the City of Live Oak. Concurrent with his permit applications, but before their approval or denial by the city, Arnold obtained approval of a loan from a local bank, at 9 3/4% interest, for construction of his residence.
Arnold's permit applications were denied by the city's public works director, Willard Hewiett, after Mr. Hewiett determined that Long Street did not qualify as a "street" under the city's zoning and subdivision ordinances contained in the city code. The zoning ordinance contained a requirement that every building erected shall be located on a "lot," defined as a parcel of land fronting on a "public street or highway," and the subdivision ordinance contained the requirement that a "street" must have at least a fifty foot right-of-way and a pavement width of twenty feet. Arnold subsequently sought issuance of the permits by application to the city council. Acting upon the advice of its city attorney, the council affirmed Mr. Hewiett's denial of the permits. Later, however, in June of 1979, the city council rescinded its previous denial of Arnold's permit applications, and decided to approve issuance of the permits. Arnold then began construction of his residence. In August of 1979, however, the city council reversed itself, revoking the previously issued permits, again basing its action upon its interpretation of its code of ordinances as requiring that the lot upon which Arnold was building his house front upon a "public street," as defined by the city code. Subsequently, in September of 1979, the city council officially reinstated the permits previously issued to Arnold because Arnold had relied to his economic detriment on the prior issuance of the permits in beginning construction of his residence. During the city's vacillations regarding issuance of the permits, Arnold contends that he lost his initial bank financing arrangement, forcing him to refinance construction of his residence on an open demand note at 18% interest.
Arnold filed a two-count complaint against the city. In Count I, he contended that Long Street was in both law and fact a "street," as defined by the city code, and sought damages for the city's wrongful denial of the permits. In Count II, he asserted that the city had acted arbitrarily and capriciously in its initial denial, and in its subsequent granting, revocation, and reinstatement of the permits. The city's answer denied any wrongful action, and in addition, asserted four affirmative defenses: (1) sovereign immunity; (2) that Arnold had no legal right to any of the permits; (3) estoppel for failure to pursue a timely appeal from the initial denial; and (4) failure to state a cause of action. Both the city and Arnold filed motions for summary judgment. Arnold's motion asserted that Long Street was a "street" under the ordinances of the city as well as under Section 95.361, Florida Statutes (1979), the road dedication statute. The trial court granted Arnold's motion as to liability of the city and denied the city's motion for summary judgment.
We begin our analysis by observing that the burden was upon Arnold, in the trial court, to show that there existed no genuine issues of material fact, and that he was entitled to judgment as a matter of law. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); O'Quinn v. Seibels, Bruce & Co., 447 So.2d 369, 371 (Fla. 1st DCA 1984). On the record before us, we find that Arnold failed to meet that burden, and the entry of summary judgment of liability against the City and in his favor was therefore error.
Turning to the issues on appeal, we reject appellee-Arnold's contention that on the record before the trial court the city's affirmative defense of sovereign immunity is precluded as a matter of law. Although appellee filed a memorandum of law with the trial court in opposition to the city's defense of sovereign immunity, neither appellee's motion for summary judgment nor the trial court's order addressed this issue. Appellee's argument on this point revolves around his basic contention that Long Street is a "street," contrary to the determination of the city, either because the *412 city's subdivision ordinance defining "street" does not apply, or because Long Street became a "street" or roadway by dedication and acceptance of a recorded plat, or under Section 95.361, Florida Statutes, by virtue of four years maintenance or repair by the city. It follows, according to appellee's argument, that his lot faces on a "street," as required for compliance with the city's ordinances, and that the city's wrongful refusal to grant his building permit subjects the city to liability for his damages occasioned by such refusal.
In support of his contention that sovereign immunity may not be asserted to bar his claim, appellee cites Manors of Inverrary XII Condominium Association v. Atreco-Florida, Inc., 438 So.2d 490 (Fla. 4th DCA 1983); Trianon Park Condominium Association, Inc. v. City of Hialeah, 423 So.2d 911 (Fla. 3d DCA 1982); and Jones v. City of Longwood, Florida, 404 So.2d 1083 (Fla. 5th DCA 1981). As noted in appellee's brief, the Trianon Park case has been under review by the Florida Supreme Court during this litigation. That court has very recently issued its definitive opinion in that case, quashing the Fourth District's Trianon Park decision, and in so doing, has resolved the sovereign immunity question favorable to the position asserted by the city here.[1]Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985).
Clearly, the legislature, commissions, boards, city councils, and executive officers, by their enactment of, or failure to enact, laws or regulations, or by their issuance of, or refusal to issue, licenses, permits, variances, or directives, are acting pursuant to basic governmental functions performed by the legislative or executive branches of government.... (citations omitted) (emphasis supplied).
Trianon Park, 468 So.2d 912, 919 (Fla. 1985). The court went on to point out that the courts may not interfere with these functions unless they violate a constitutional or statutory provision; that there is no common law duty of care with regard to how governmental bodies should carry out these functions; and that such actions are inherent in the act of governing. Id. at 919.
Ruling, therefore, on the sovereign immunity issue only to the extent it is presented at this stage of this case, we conclude that insofar as the city's defense of sovereign immunity is focused on its actions in denying issuance of the permit based upon its reading of its own code of ordinances, the defense is viable. The actions of a city in adopting standards for the issuance of building permits,[2] and its actions in determining which standards apply, in our view, are inseparably intertwined. Both fall into the "planning-judgmental," rather than "operational" category. Trianon Park, supra. Because of our resolution of the sovereign immunity issue, and for other reasons stated, we find appellee's arguments in support of the summary judgment in his favor to be unavailing.
Although we find it unnecessary to dwell on other issues addressed by the parties, it may prove helpful to point to certain deficiencies in the proceedings below. *413 Upon examination of the motion for summary judgment, we find that it contains no reference to the dedication and acceptance of Long Street by means of a recorded plat, nor does the complaint contain any reference to a plat. The trial court's order is likewise silent on this point. Further, our review of the evidence before the trial court also discloses that factual issues preclude a finding, as to a matter of law, that Long Street became a dedicated public street either by recording of the plat or under Section 95.361, Florida Statutes (1979).[3] Even if it did, moreover, it does not follow from this fact alone that issuance of the permit by the city was required, since the application of the subdivision ordinance requirements as to width of the right-of-way and pavement width would still present a potential obstacle to approval.
Our decision regarding the sovereign immunity defense effectively disposes of the trial court's granting of summary judgment for liability as to Count I, which is based solely upon the alleged wrongful denial of the building permits. Similarly, as to Count II, the liability of the city cannot be predicated simply upon its wrongful refusal to initially issue the permits, even if the trial court ultimately determines that the city's construction of its ordinances is incorrect as a matter of law. An issue is presented as to whether the city can be held liable, as alleged in Count II, because it acted arbitrarily and capriciously in initially denying, then granting, then revoking, and finally reinstating the permits. In order for the trier of fact to determine this issue, assuming the trial court finds liability can be established under the allegations of the complaint as presently framed (Cf. Trianon Park, supra), it will be necessary to determine, weigh, and consider all the facts and circumstances surrounding the city's dealings with Arnold, and to make a further determination of whether Arnold was damaged as a consequence of the city's actions. The case is not ripe for determination of either liability or damages on this count on appellee's motion for summary judgment.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] Since none of the cases relied upon by appellee deal with the precise issue here, i.e., a claim for damages based upon a wrongful denial of building permits, we are of the opinion that they would not have been controlling on the sovereign immunity issue even in the absence of the recent Trianon Park reversal and clarification of the law in this area. Appellee maintained in the trial court and in this court that its actions were protected by sovereign immunity, citing, among other cases, Akin v. City of Miami, 65 So.2d 54, 55 (Fla. 1953) (city's decision to deny a building permit is "purely governmental function"); City of Lauderdale Lakes v. Cory, 415 So.2d 1270 (Fla. 1982) (city's action in enactment of zoning ordinances is legislative, planning-level function); Rottkamp v. Young, 21 A.D.2d 373, 249 N.Y.S.2d 330 (N.Y. App. Div. 1964) (governmental authority insulated from liability in connection with process of issuance or denial of liability, notwithstanding a general statutory waiver of sovereign immunity).
[2] Appellee conceded in his brief that the formulation and adoption of these standards would be a "planning-judgmental" activity, for which no tort liability may be imposed.
[3] As appellee points out, it does not appear that Long Street is a part of the platted property so as to be affected by an offer of dedication, and acceptance by a public authority. Further, although there was evidence of maintenance of the street by city employees, the evidence as to when this occurred, whether it was officially authorized, and the extent of the construction or improvements made, was confusing and contradictory. The court on motion for summary judgment may rule based only on uncontradicted evidence, and may not weigh the evidence in order to arrive at a factual conclusion necessary for granting of summary judgment. Campanella v. Shuford, 336 So.2d 1257 (Fla. 1st DCA 1976); Burkett v. Parker, 410 So.2d 947 (Fla. 1st DCA 1982); Davis v. Hathaway, 408 So.2d 688 (Fla. 2d DCA 1982).