476 So.2d 794 (1985)
Ben WHITTEN, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. BD-478.
District Court of Appeal of Florida, First District.
October 18, 1985.
*795 William Rankin of Kerrigan, Estess & Rankin, Pensacola, for appellant.
Larry Hill of Moore, Hill & Westmoreland, Pensacola, for appellee.
THOMPSON, Judge.
Whitten appeals a summary final judgment which held that he was not covered by a policy of insurance issued by Allstate Insurance Company (Allstate) to his mother. Whitten contends the trial court erred in granting a summary judgment on the grounds that he was not a resident of his mother's household. We affirm.
In 1977 Whitten and his wife purchased a home on Beech Street in Hammond, Indiana. Whitten worked as a welder at Union Tank Company (Union) until he was laid off in November 1981. He and his wife were having marital problems and when he was laid off he came to Florida and worked for his father. His wife did not accompany him to Florida, but continued to live in their home in Indiana.
Whitten resided with his parents in Pensacola, paying room and board of $40 per week. He worked in Florida until July 1982 when he was called back to work by his employer in Hammond. When he returned to Hammond, he lived with his wife in their home on Beech Street but they continued to have marital difficulties. Whitten's job at Union lasted approximately one month and he was laid off again. He and his wife agreed to put their house up for sale and Whitten returned to Florida to work with his father. While in Florida Whitten looked for jobs throughout Florida, Mississippi, and Louisiana.
On November 7, 1982, Whitten was injured in an automobile collision in Florida while driving his brother's vehicle. After the accident, Whitten's wife joined him in Florida. The parties reconciled and returned to Hammond, Indiana around Christmas after Whitten was able to travel.
During the time Whitten was laid off from his Indiana employment, he received unemployment compensation from Indiana. While in Florida, he maintained Indiana bank accounts, an Indiana driver's license, Indiana license plates on his car, and also maintained Indiana charge accounts with various creditors. He filed state and federal income tax returns for 1981 and 1982 giving the Beech Street address in Hammond as his home address. He was a registered voter in Indiana and the utilities and telephone service for the Beech Street home remained in his name.
Allstate had issued a policy to Whitten's mother, Melba Whitten, providing personal injury protection, uninsured motorist coverage and other benefits for relatives of Melba Whitten if they resided in her household. Allstate denied coverage for the injuries Whitten received in the automobile accident on grounds that he was not a resident of his mother's household at the time of the accident. Melba Whitten's insurance policy defines "resident" or "reside" as referring to the physical presence in the named insured's household with the intent to continue to live there. There is a total lack of evidence in the record that Whitten had any intention to continue living with his parents as of the date of the accident, *796 and after the accident he returned to Indiana.
The summary judgment finding no coverage is therefore proper and is AFFIRMED.
MILLS, J., concurs.
SMITH, J., dissents.
SMITH, Judge, dissenting.
I respectfully dissent.
Under the majority's view, a child who resides in his or her parents' home but intends to marry and leave the home would not be covered as a "resident" of the parents' household because he or she "do[es] not intend to continue living" with the parents. The same would be true of one who looked for work in another state without actually accepting a job and moving there.
As for the factual basis for the finding that Whitten was a "resident" of Indiana, none of the purported indicia of "residence," for purposes of this insurance coverage, appear to be controlling. Whitten's maintenance of Indiana bank accounts, driver's license, charge accounts, voter registration, filing of tax returns indicating an Indiana home address, and the utility and telephone services do not, in my judgment, preclude a finding that he was a "resident" of his parents' household in Florida at the time of the accident. These connections with a place of former residence are typical, to a greater or lesser extent, of virtually every person who moves from a community where residence has been maintained for a long period of time, to another community.
There is evidence from which a jury could reasonably conclude that Whitten was a "resident" of his parents' household. His own testimony of intention is relevant, as are the facts of his physical presence in Florida, his payment of rent, and engaging in gainful employment, all of which are undeniable. There is no explanation of how Whitten's last pre-accident departure from Indiana, at which time the Indiana house was put up for sale, can simply be ignored, nor is there any attempt to refute the fact that Whitten returned to Florida to continue working for his father, and in the meantime, look for other work.
The conclusion is inescapable that the trial court weighed the evidence, including the credibility of the witnesses, and came to a conclusion. This was error. Burkett v. Parker, 410 So.2d 947 (Fla. 1st DCA 1982); City of Live Oak v. Arnold, 468 So.2d 410 (Fla. 1st DCA 1985).
The court on motion for summary judgment may rule based only on uncontradicted evidence, and may not weigh the evidence in order to arrive at a factual conclusion necessary for granting of summary judgment. (Citations omitted).
City of Live Oak, supra, at 413, footnote 3.
I would reverse and remand for jury trial.