SMITH, Judge.
Appellant, Budweiser-Busch Distributing Company, Inc. (Budweiser) appeals two orders granting summary judgment for ap-pellees Keystone Lines, a trucking company, (Keystone) and its insurer, Transport Insurance Company in Keystone’s indemnity suit against Budweiser and its insurers.[1] Finding that the record clearly establishes the existence of genuine issues of material fact, we reverse.
This action arose on July 16, 1982, when Ken and Linda Horn, husband and wife, were killed in an automobile accident in which their vehicles were struck in the emergency lane of 1-10 by a tractor-trailer rig owned and driven by Phil Naylor. Whether the accident was caused by driver error, equipment failure, or other conditions has not been established with certainty. At the time of the accident, Naylor’s truck was displaying appellee Keystone’s ICC placards, but it was carrying a shipment of beer bound for appellant Budweiser’s Alabama warehouse.
The convoluted chain of events leading up to the fatal accident will be partially outlined only in a general way, without venturing into all the variations and permutations suggested by the voluminous discovery and the arguments of counsel with respect to these matters. Budweiser used several independent carriers to transport beer from Florida to Alabama. One of those carriers was Edwin Guadalupe, with whom Budweiser had a written truck lease agreement. The lease agreement had expired about six months before the accident in question; however, Guadalupe, along with others, continued to transport beer for Budweiser. Naylor became involved when Guadalupe needed to transport a load of beer from Tampa to Mobile, Alabama, for Budweiser, but was unable to make the delivery on time with his truck. Meanwhile, Naylor, an independent owner-operator regularly carrying goods for Keystone, had completed a trip from Tennessee to Miami, and was seeking another load for his northbound trip. Keystone’s Orlando office suggested that he call Calvin Gray, in Pensacola, an authorized agent for Mercury Motors Express, Inc. Upon receiving Naylor’s call, Gray telephoned Guadalupe, who informed Gray of the load of beer he needed to have transported from Tampa to Mobile for Budweiser. In behalf of Guadalupe, Gray arranged for Naylor to haul the beer. Guadalupe stated that he assumed that the carriage would be conducted using *505 one of Gray’s trucks, operating under a division of Mercury Motors Express. Guadalupe had no direct contact with Naylor, and Budweiser was unaware of Guadalupe’s arrangement for the transport of the beer through Gray. Naylor initially assumed that the carriage in question was under the aegis of Keystone, and relied upon the Keystone placards on his truck to get through the truck inspection and weigh stations en route.
In the ensuing wrongful death action filed by the Horns’ heirs against the instant parties and others, a partial summary judgment was entered finding appellee Keystone vicariously liable for Naylor’s negligence.[2] Keystone did not challenge that judgment but instead settled the claims for $2.5 million. In exchange for that payment from Keystone, the Horns’ heirs released all of the defendants from liability in their action. Thereafter, Keystone filed amended cross-claims and third-party claims seeking indemnity from Budweiser and Guadalupe for the amount paid to settle the wrongful death action. The trial court entered summary judgments in favor of Keystone against Budweiser, and this appeal followed.[3]
Under the law as cited to us by the parties, it appears to be settled that Keystone is entitled to indemnity only if its liability for the damages for which indemnity is sought is solely constructive or derivative, and indemnity cannot be imposed against Budweiser unless Budweiser’s active negligence caused the damages. In other words, Keystone is not entitled to indemnity if, in addition to being vicariously liable for the damages caused by the accident, it is also guilty of active negligence. See, Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979); Costco Wholesale Corp. v. Tampa Wholesale Liquor Co., 573 So.2d 347 (Fla. 2d DCA 1990); and Weissman v. Boating Magazine, 946 F.2d 811 (11th Cir.1991).
In granting summary judgment, the trial court found that as a matter of law the lease between Budweiser and Guadalupe “was in effect at the time of the accident,” and that “under I.C.C. law, Budweiser-Busch engaged in private carriage.” So far as appears from the face of the order, the court’s determination of liability was predicated solely upon these findings. We conclude that the trial court could only have reached the result that liability was established as a matter of law by impermis-sibly weighing conflicting evidence and reasonable inferences therefrom, or by assuming as fact certain matters not clearly established with the degree of certainty required for summary judgment. See, Moore v. Morris, 475 So.2d 666 (Fla.1985) (summary judgment should not be granted unless facts are so crystallized that nothing remains but questions of law); City of Live Oak v. Arnold, 468 So.2d 410 (Fla. 1st DCA 1985) (on motion for summary judgment, court may rule based only on uncon-tradicted evidence, and may not weigh the evidence in order to arrive at a factual conclusion necessary for granting summary judgment). Further, the issue of Keystone’s potential liability for active negligence, as alleged in the complaint in the wrongful death action, is not treated in the trial court’s order, and in our judgment is not capable of resolution as a matter of law on the record presented.
The numerous depositions and other documents contained in the record clearly raise several disputed issues of material fact which preclude summary judgment in this case. See Freeman v. Fleet Supply Inc., 565 So.2d 870 (Fla. 1st DCA 1990) and Zygmont v. Smith, 548 So.2d 902 (Fla. 1st DCA 1989). Those genuine issues of material fact include: Whether the lease agree *506 ment between Budweiser and Guadalupe was in effect at the time of the accident; whether, if the lease was in effect, the tractor-trailer rig driven by Naylor could be a proper “replacement vehicle” pursuant to that lease; whether, if the lease was in effect, it empowered Guadalupe to authorize a “replacement vehicle” such as the rig driven by Naylor on a one time basis and, if so, whether Naylor can be declared to have been an agent of Budweiser; whether, under all facts and circumstances, Budweiser was engaged in “private carriage” with respect to the Naylor vehicle at the time of the accident and, most importantly, whether either Keystone or Budweiser, or both, were actively negligent in this case. Several additional or sub-issues may also arise, depending upon the resolution of these factual issues, and by our recitation of the above we do not suggest the absence of other issues which might have some bearing on the ultimate disposition of this case.
In light of the existence of these remaining disputed issues of material fact, the conclusions of law made by the trial judge were premature. Thus, summary judgment in this case was improper.
REVERSED and REMANDED for further proceedings.
ALLEN and WEBSTER, JJ., concur.

. Budweiser's insurers are not parties to this appeal.

. The partial summary judgment was apparently based upon I.C.C. regulations imposing liability on a carrier whose placards are displayed on the vehicle at the time of collision. See, Empire Fire and Marine Insurance Company v. Truck Insurance Exchange, 462 So.2d 76 (Fla. 1st DCA 1985). There has been no adjudication, however, that Keystone was not also liable for active negligence in connection with the accident.

. Separate wrongful death actions were brought by the personal representatives of Ken and Linda Horn but those cases were consolidated below. The instant indemnity actions were also filed below as two cases but were not consolidated. Thus two separate, but substantially identical, summary judgments were entered. Those summary judgments have been consolidated for this appeal.