PER CURIAM.
Julius Seay, an inmate at Dade Correctional Institute (DCI), worked in the prison kitchen. Seay was a “prep” cook for Service America Corporation (SA), a catering company. As a prep cook, Seay's job was to cut and peel vegetables, drop them into a machine hopper and guide the vegetables into the machine’s blades. The hopper has a hatch with a hinged cover. Seay claimed he was injured when, as he placed an onion into the hopper, the hatch cover improperly fell and thrust his hand into the whirling blade.
Seay’s complaint alleged SA had negligently provided and maintained the machine. SA moved for summary judgment arguing it did not purchase, own, design, inspect, provide or maintain the machine in question and submitted the affidavits of prison personnel, stating that DCI performed these functions. However, at the hearing on SA’s motion for summary judg *3 ment, there was testimony that SA was responsible for the daily cleaning and maintenance of the machines and that when a machine malfunction was reported to SA, it was the caterer’s responsibility to report the malfunction to prison personnel who would then repair or replace the malfunctioning equipment.
At the conclusion of the hearing, the trial judge stated that there was no evidence that SA was aware of the specific defect which allegedly was the cause of Seay’s injury. Counsel for Seay told the trial judge that he was not aware that notice to SA of the machine’s malfunction was at issue, and while evidence was not at that time before the judge, counsel had the deposition of another employee who had been similarly injured and had reported the injury to SA. Notwithstanding this argument, the trial judge granted summary judgment in SA’s favor. Seay’s counsel thereafter filed a motion for rehearing and also filed the transcript of the fellow employee who claimed he was similarly injured by the same machine and had, in fact, notified his employer, SA.
Finding questions of fact remaining both as to the caterer’s maintenance responsibilities and its knowledge of the instant alleged machine defect, it is our opinion that the trial court erred in entering the summary judgment. Moore v. Morris, 475 So.2d 666 (Fla.1985) (summary judgment should not be granted unless facts are so crystallized that nothing remains but questions of law); see Budweiser-Busch Distr. Co. v. Keystone Lines, 607 So.2d 503 (Fla. 1st DCA 1992); Fla.R.Civ.P. 1.510.
Accordingly, the judgment is reversed and the cause is remanded for further proceedings.