Sikora, J.
The plaintiff James Tamakloe (“Mr. Tamakloe”), as administrator of the estate of Evelyn Effie Tamakloe, brought this action against the defendant Cambridge Mutual Fire Insurance Co. (“Cambridge”) seeking to reach and apply Cambridge’s obligation to insure against liability under a homeowner’s insurance policy issued to the parent of Roger F. Moore (“Moore”), the individual who caused the death of the plaintiffs decedent. Cambridge filed the instant motion for summary judgment, asserting that Moore was not an insured under the terms and conditions of the homeowner’s policy and, as such, Cambridge would not be obligated to insure against any liability attached to him.
Upon consideration of the memoranda and arguments of counsel, the defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
On or about December 26, 1991, Moore fatally shot Evelyn Effie Tamakloe (“Ms. Tamakloe”) inside of an apartment at 65 Russell Street in Worcester, Massachusetts. Moore was subsequently charged and convicted in connection with Ms. Tamakloe’s death.
Mr. Tamakloe, the plaintiff, is the duly appointed Administrator of the Estate of Ms. Tamakloe. On or about Jeme 28, 1995, a default judgment was entered against Moore in the amount of $152,885, plus interest and costs, and additionally in the amount of $150,000 in punitive damages, for the wrongful death of Ms. Tamakloe in an action brought by Mr. Tamakloe in Worcester Superior Court. To date, that judgment has not been satisfied.
Enid Hall (“Hall”) is the natural mother of Moore. Hall purchased a home at 116 Winifred Avenue (the “Winifred home”) in July of 1991. Cambridge issued a policy of homeowner’s insurance to Hall for the Winifred home, covering that home for the period from July 11, 1991 through July 11, 1992. Prior to moving into the Winifred home sometime in late July or early August of 1991, Hall lived in an apartment on Underwood Street in Worcester. Moore lived in the Underwood Street apartment with Hall on a permanent basis until June of 1990. Thereafter, Moore would periodically stay overnight at the Underwood Street apartment and would periodically stay overnight elsewhere. Until the time Hall moved from the Underwood Street apartment, Moore had a bedroom in that apartment where he kept clothes and other personal belongings.
According to Hall’s deposition, when she moved to the Winifred home, Moore did not move there with her. Hall did not move any of Moore’s personal belongings into the Winifred home, as he moved all of his belongings into another apartment at 65 Russell Street, the place where Ms. Tamakloe was killed in December of 1991. Moore told Hall and others (the police) that he lived at 65 Russell Street, and witnesses to the shooting also told the police that Moore lived at the Russell Street apartment.
Between July and December of 1991, Moore visited Hall at the Winifred home approximately six to a dozen times. At no point, however, did Moore sleep over at the Winifred home, nor was a bedroom set up for him there.[1]
According to Hall’s 1991 federal tax return,[2] she claimed that Moore lived in her home for twelve months in 1991. Hall has submitted an affidavit, however, stating that she had been “greatly distracted in [her] daily activities” during the time period that her tax return was being prepared by A.A. Zamarro & Associates, as Moore was on trial in connection with Ms. Tamakloe’s shooting. As a result, when Hall reviewed the tax return she did not notice that A.A. Zamarro & Associates had indicated that Moore lived *561 with her for twelve months in 1991, and that filing the tax return with that information was “a good faith and honest mistake.” Hall’s affidavit also stated that Moore “never resided 'with [her] at 116 Winifred Avenue at any time from [her] purchase of the house in July 1991 up to and including December 26, 1991.”
In his opposition to Cambridge’s motion for summary judgment, Mr. Tamakloe attached two exhibits: first, an identification card for Roger F. Moore issued by the Commonwealth of Massachusetts which lists his address as “16 Winifred St., Worcester, MA 01602-2960"[3] and second, a printout of Moore’s driving history from the Commonwealth of Massachusetts which lists his address as ”16 Winifred St., Worcester, MA 01602-2026."[4]
Mr. Tamakloe filed a complaint “to reach and apply the obligation of Cambridge Mutual Fire Insurance Company insuring Roger F. Moore against liability for loss or damage on account of the death of Evelyn Effie Tamakloe, to the judgment entered against its insured, Roger F. Moore, to the extent of the limits of liability contained in the said policy, or to the extent of the judgment, whichever is less.” In its answer, Cambridge denied that Moore was an insured under the policy[5] and filed the instant motion for summary judgment.[6]
DISCUSSION
This Court grants summary judgment where there are no genuine issues of material fact and where the moving parly is entitled to judgment as a matter of law based upon review of the summary judgment record. Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and “that the summary judgment record entitles the moving party to judgment as a matter of law." Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmov-ing party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its “pleadings and mere assertions of disputed facts ...” LaLonde v. Eissner, 405 Mass. 207, 209 (1989), citing Dawes, 369 Mass. at 554. If a case involves only a question of law, a court will grant summary judgment to the party entitled to judgment as a matter of law. Cassesso, 390 Mass. at 422.
Decision of the present motion reduces to the determination of whether Moore’s status as a resident of 116 Winifred Avenue as of December 26, 1991, presents a genuine issue of material fact. Cambridge asserts that Moore does not meet the definition of an “insured” under the policy as he was not a resident of 116 Winifred Avenue and, that therefore Cambridge is not obligated to cover the default judgment entered against him.[7] In support of its motion for summary judgment Cambridge argues the following facts are determinative: Moore never lived at 116 Winifred Avenue; he maintained no bedroom or personal belongings at that address; he did not receive mail at that address; he never slept overnight at that address; in his signed statement to the police, Moore indicated that he lived in the apartment at 65 Russell Street where the shooting occurred; and two other witnesses gave signed statements to the police indicating that Moore lived at 65 Russell Street. Cambridge asserts that Hall’s 1991 federal tax return indicating that Moore lived with Hall for the entire year in 1991 is insufficient to create a genuine issue of material fact whether Moore was a resident of 116 Winifred Avenue.[8]
Conversely, Mr. Tamakloe contends that Cambridge is not entitled to summary judgment because there is a genuine issue of material fact as to whether Moore was an insured under Hall’s homeowner’s policy. Specifically, the plaintiff asserts that the term “residents of your household,” which has not been construed by Massachusetts courts in the context of coverage under a homeowner’s insurance policy, involves more than physical presence in a home. The plaintiff asserts that the dispositive issue is a question of intent: whether Moore intended to be a resident of his mother’s household or, more appropriately, whether Moore intended not to be a resident of her household. The plaintiff argues that because questions of Moore’s intent are issues for a trier of fact, summary judgment should be denied.
In his opposition to Cambridge’s motion for summary judgment, Mr. Tamakloe contends that Moore’s physical absence from Hall’s home is not dispositive of his status in light of the alleged evidence that he subjectively intended to be a resident of 116 Winifred Avenue. The plaintiff argues that Moore’s identification card and the driving history report from the Commonwealth of Massachusetts both listing his address as 16 Winifred Street create a genuine issue of material fact whether he was a resident of Hall’s home. In his view, the fact that Hall’s 1991 federal tax return indicated that Moore lived with her for the entire year in 1991 further demonstrates the presence of a factual dispute to be resolved by a jury, especially in light of Hall’s recent affidavit contradicting that representation.
As a general rule, disputes concerning the proper interpretation of an insurance policy raise not questions of fact, but only questions of law. Somerset Sav. Bank v. Chicago Title Ins. Co., 420 Mass. 422, 427 (1995); Massachusetts Bay Transp. Auth. v. Allianz Ins. Co., 413 Mass. 473, 476 (1992), citing Nelson v. Cambridge Mut. Fire Ins. Co., 30 Mass.App.Ct. 671, 673, rev. denied 410 *562 Mass. 1104 (1991). In interpreting the policy provisions, unambiguous terms are construed and enforced according to their plain meaning. Somerset Sav. Bank, 420 Mass. at 427 (citations omitted). In essence, the plaintiff contends that the term “residents of your household” is ambiguous because it is incapable of one precise meaning and instead must be interpreted on a "case-by-case basis with an evaluation and balancing of all relevant factors.” Vaiarella v. Hanover Ins. Co., 409 Mass. 523, 527 (1991).
“Economic dependence is of significance when considering an issue like the present one. It is normally to be expected that, when one member of a family provides financially for other members of the family, that person will also provide insurance coverage for those other members of the family... This expectation is weakened in the case of relatives who are financially autonomous ...” Vaiarella, 409 Mass. at 529 (holding economic dependence relevant in considering whether plaintiff was member of her son’s household for purposes of receiving underinsured motorist coverage) (citations omitted). The fact that Moore, despite his youth, received no financial support or assistance from his mother weighs heavily in the analysis that he was not a resident of the Winifred home -under Hall’s homeowner’s insurance policy.
Moreover, although one can conceive of a variety of situations in which an individual can have more than one “residence" or can be a “resident” of a household without being physically present,[9] none of those situations is applicable to the facts at bar. The fact that Moore was only 19 years old at the time of the shooting is relevant in the residency analysis. However, Moore was not merely a college student living away from his mother’s residence temporarily. The plaintiff argues that the factual materials show no intent of Moore to eliminate residency at the Winifred home. The record establishes the contrary. At no time did Moore reside at 116 Winifred Avenue nor did he receive mail there; Moore did not maintain a bedroom or other personal belongings at that address; at most, Moore visited Hall at that address six to twelve times during a six-month period, but never spent the night; and Moore received no financial support from Hall. The absence of both physical presence and intent to reside in the Winifred home leave only on conclusion: Moore was not a resident” under the terms of the policy.
Generally it is the burden of the party seeking coverage to demonstrate that coverage applies. See Kelleher v. American Mutual Ins. Co., 32 Mass.App.Ct. 501, 504, rev. denied 413 Mass. 1102 (1992). The defendant has sufficiently demonstrated that the plaintiff will be unable at trial to introduce evidence that Moore was a resident of Hall’s household at the time of the shooting of Ms. Tamakloe. Moore’s identification card and driving history from the Commonwealth of Massachusetts indicating an address was 16 Winifred Street, without more, do not create a genuine issue of material fact precluding summary judgment in favor of Cambridge. Even the inference that Moore intended to use 116 Winifred Avenue as his “address” does not demonstrate that Moore intended it to be his “residence.” All of the other evidence indicates the contrary.
ORDER
For the foregoing reasons, I ALLOW the defendant’s motion and ORDER the entry of summary judgment in its favor.

 In addition, Moore did not receive any mail at the Winifred home. According to Hall’s deposition, between July and December of 1991, Hall in no way contributed to Moore’s support, and during the time Hall lived in the Underwood Street apartment she would periodically provide clothing, as birthday or holiday gifts, and food to Moore, but did not give him money.

 I note for the record that the copy of the tax return attached as an exhibit is not signed by Hall. Based upon her admissions in her affidavit, however, I infer that the original signed by Hall was identical in all material respects to the copy.

 The plaintiff contends that it is reasonable to infer from the identification card that Moore intended to list “116 Winifred Ave.” instead of “ 16 Winifred St.”

 Again, Mr. Tamakloe contends that it is reasonable to infer that Moore intended to list his address as “ 116 Winifred Ave.” instead of “16 Winifred St.”

 In pertinent part, Hall’s policy, number HP 148-66-84, provides under “DEFINITIONS" on page 1 as follows:
“3. ‘insured’ means you and residents of your household who are:
a. your relatives; or
b. other persons under the age of 21 and in the care of any person named above . . ." (emphasis in original)
The term “resident” is not defined in the policy.

 Section II (“Liability Coverages”) as shown on page 10 of Hall’s homeowner’s policy provides for personal liability as follows:
“If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will:
1. pay up to our limit of liability for the damages for which the insured is legally liable . . ." (emphasis in original)
Cambridge contends that because Moore was not an insured under the policy, it is not obligated to pay out on the personal liability coverage provided for by the policy.

 In addition, Cambridge argues that Ms. Tamakloe’s death was not an “accident” or “occurrence” within the meaning of the homeowner’s policy. This argument, however, was not briefed. Cambridge instead relies on its principal argument that Moore was not an insured under the policy. In light of this Court’s conclusion, infra, that Moore was not a resident of Hall’s home to which the policy applied, I need not address Cambridge’s second argument.

 Cambridge also contends that the tax return would be inadmissible at trial as hearsay. As Mr. Tamakloe cannot come forward with affirmative, admissible evidence to dispute the fact that Moore did not reside at 116 Winfred Avenue, Cambridge contends that it is entitled to summary judgment.

 In the uninsured motorist insurance context see, for example, Sutherland v. Glens Falls Ins. Co., 493 So.2d 87, 89 (Fla.App. 1986) (concluding that an individual can be a *563 resident of a “former household while trying out different living accommodations”); Middlesex Mut. Assur. Co. v. Walsh, 218 Conn. 681 (1991) (holding that adult schizophrenic son was resident of insured’s household, even though frequently institutionalized, because he always came home eventually, had his own bedroom in the house, and many clothes and personal belongings remained in the insured’s home); Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La. 1981) (concluding that son, who maintained own apartment, was nevertheless resident of his father’s household where he spent a great deal of time at father’s house, kept personal property including two dogs at father’s house, and received mail at that address).
Other cases, however, have held the opposite. See, for example, Aetna Casualty & Surety Co. v. Gutstein, 80 N.Y.2d 773 (1992) (finding insured’s son not entitled to coverage despite fact that he stored personal belongings at insured's house and occasionally spent night there); Whitten v. Allstate Ins. Co., 476 So.2d 794 (Fla.App. 1985) (holding that insured’s son not resident of insured’s household even though living there at the time of an accident, because he had no intention of remaining there and after accident returned to another state where he had previously resided); Kashmark v. Western Ins. Cos., 344 N.W.2d 844 (Minn. 1984) (finding insured’s son not entitled to coverage where did not reside in insured’s household). See also Vaiarella, supra (concluding that mother was not member of son’s household in another state, despite intent to spend part of every year in son’s home); Gianely v. Travelers Ins. Cos., Civil No. 96-4544 (Lowell Superior Court July 3, 1997) (awarding summary judgment to insurer where adult son of insured, whose apartment in Vermont had been burned down and who thus had no “residence,” did not qualify for coverage because he had no intent, prior to automobile accident, to remain in insured’s household).