Cratsley, J.
Plaintiff, New London County Mutual Insurance Company (“New London”), brings this action for declaratory judgment pursuant to G.L.c. 231A, and now moves for summary judgment seeking a judicial declaration of its duties and obligations under Homeowner’s Policy H5000749 issued to Carol Marino (“Marino”) for a claim for bodily injuries brought by Marino’s grandson, Richard Michael Matthews (“Matthews”). Plaintiff alleges that Matthews qualifies as an “Insured” and therefore is excluded from coverage for bodily injury under the policy. Defendant, Matthews, alleges that because he was merely a temporary resident in the Marino household, he does not qualify as an insured, and is therefore covered under the policy. For the reasons set forth below, plaintiffs motion for summary judgment is DENIED, summary judgment is granted to defendant Matthews on this Court’s own motion, and it is hereby DECLARED that Matthews is entitled to the insurance proceeds.
BACKGROUND
Using the materials submitted by both sides at this summary judgment stage, and viewing the facts in the light most favorable to the nonmoving party, Matthews, the undisputed facts are as follows:
On July 19, 1990, defendant, Matthews, then eight years old, sustained a complex laceration of his right forearm while at the residence of his grandmother, Marino, defendant herein. The residence was located at 111 Rand Street in Revere, Massachusetts. Matthews was playing on and around an above-ground pool located on the 111 Rand Street premises when he jumped from a short deck into the pool. As he jumped, his right forearm hit the top of a metal post, lacerating his right forearm. After sustaining the injury to his arm, Matthews was treated at Massachusetts General Hospital, where he listed his address as 111 Rand Street in Revere.
Matthews and his mother, Karen McDonald (“McDonald”)[2] had been occupying the 111 Rand Street home since late fall of 1989. McDonald and Matthews had moved into the Marino home after their own apartment was burglarized. Matthews and his mother placed their furniture and many of their personal belongings in storage while they were staying with Marino. While Matthews and McDonald occupied Marino’s home, they remained financially independent. Further, Marino had no legal obligation to support either Matthews or McDonald. While Matthews occupied his grandmother’s home, he continued to attend Revere Public Schools, the school system in which he was enrolled since kindergarten.
As a result of the aforementioned incident, Matthews filed a lawsuit against his grandmother, Marino, alleging that she negligently maintained her property in a dangerous and defective condition. New London issued Homeowner’s Policy H5000749 to Marino. Said policy was in effect on July 19, 1990.
The policy reads in pertinent part:
2. Coverage E — Personal Liability does not apply to: f. Bodily injury to you or an insured within the meaning of part a. or part b. of insured as defined.
*127 3. “Insured” means you and residents of your household who are:
a. your relatives; or
b. Other persons under the age of 21 and in the care of any person named above.
On September 23, 1996, Wesley R. Marshall, Esq., Senior Casually Adjuster for New London sent certified correspondence to Marino stating that no coverage existed for the claims made by Matthews. On February 5,1997, Matthews filed suitfor his injuries. On August 7, 1997, counsel for New London sent certified correspondence to Marino stating that, based on Matthews’s allegations, New London would defend Marino against Matthews’s claims under a strict reservation of rights. The August 7, 1997 letter reserved New London’s rights to ultimately disclaim coverage based upon the terms of the policy and seek judicial determination of its duties and obligations under the policy’s terms. On August 7, 1997, counsel for New London again sent certified correspondence to Marino under a strict reservation of rights. Consequently, New London initiated this declaratory judgment action which, in turn, results in the present motion for summary judgment.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 368 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving parly bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party establishes the absence of a triable issue, in order to defeat the motion for summary judgment, the opposing party must respond and allege specific facts which would establish the existence of material fact. Id.
The present motion requires this Court to determine whether Matthews’s status as a resident of 111 Rand Street on July 19, 1990 creates a genuine issue of material fact. New London contends that Matthews was a resident of the Marino household during the time in question, therefore qualifying as an “insured” and precluding him from coverage under the text of Marino’s Homeowner’s policy. Matthews asserts that he was a guest of the Marino household and therefore does not qualify as an “insured” under the policy. Accordingly, Matthews argues that he is covered under Marino’s Homeowner’s Policy.
Generally, disputes concerning the proper interpretation of an insurance policy are questions of law. Somerset Sav. Bank v. Chicago Title Ins. Co., 420 Mass. 422, 427 (1995). Accordingly, when the underlying facts and circumstances are uncontroverted or have been judicially determined, summary judgment may be granted. See Richard P. Gianely v. The Travelers Insurance Companies, 1995 Mass.App.Div. 155, 156. Conversely, while the construction of an insurance contract is generally a matter of law for the trial court, summary judgment must be denied where all facts and circumstances material to the proper interpretation and application of the contract have not been adequately developed or are disputed. Id.
There is no bright line test for a claimant’s status as a household member. Id. Analysis of the issues must therefore proceed on a case-by-case basis with an evaluation and balancing of all relevant factors. Id. While the relevant factors employed by the courts in Massachusetts are varied, the predominant considerations include the nature of the claimant’s relationship to the named insured, the individual's presence in or absence from the named insured’s dwelling place, the degree of the individual’s economic dependence upon the named insured, the named insured’s legal obligation to support the claimant, and the intent of the named insured and the claimant with respect to the permanence of the latter’s living arrangements. Id., Vaiarella v. Hanover Ins. Co., 409 Mass. 523, 528 (1991). Utilizing these factors, as well as the materials submitted for this summary judgment motion, this Court is persuaded as a matter of fact and law that the defendant was not a resident of the Marino household. Furthermore, plaintiff has failed to raise sufficient disputed facts to suggest that summary judgment is inappropriate.
Applying these factors to the undisputed facts, it is apparent from the record that Matthews was not an “Insured” under the terms of the Homeowner’s policy. First, there is no dispute that Matthews was physically present in the Marino home at the time of the accident. Second, there is no question that Matthews is the biological grandson of Marino. These two factors, in and of themselves, clearly lead to the determination that Matthews was indeed a resident of the Marino household. However, there are three other factors to consider, all of which suggest the opposite conclusion.
The third factor that must be considered is the intent of both the claimant and the named insured at the time that they entered into their living arrangement. In her affidavit, Matthews’s mother, Karen McDonald, maintains that it was the understanding and intent of both she and her mother that this living arrangement would be temporary, as she was only staying at the Marino residence until she found a new apartment. In fact, she states in her affidavit that her mother would not allow her and her son to stay in her house unless she was provided with assurances that the arrangement would only be temporary. Moreover, in Matthews’s answers to plaintiffs interrogatories, he asserts that he and his mother were “staying with his grandmother while [they were] in between apartments.” The intention to stay in the Marino home only *128 temporarily is supported by the fact that Ms. McDonald left all of her furniture and many of her personal belongings in storage. If she had intended for the arrangement to be more permanent, she certainly would have found room in the home for all of her personal effects or, alternatively, she would have sold them. In accordance with the summary judgment standard, this Court is persuaded by McDonald’s affidavit and Matthews’s answers to plaintiffs interrogatories since the plaintiff, New London, offers no evidence of contrary intent on the part of these parties.
Economic dependence of the claimant and the legal obligation of the policy holder to provide for the claimant are the final factors to consider in resolving this issue. Vaiarella, supra at 529. It is normally expected that, when one member of a family provides financially for other members of the family, that person will also provide insurance coverage for those other members of the family. Id. However, this expectation is weakened in the case of relatives who are financially autonomous, and is further weakened when it involves relatives for whom there is no legal responsibility to provide. Id.
Ms. McDonald, in her affidavit, insists that neither she nor her son were financially dependent on Marino. Specifically, she states that during the time that she occupied her mother’s home, she was at all times financially independent, supporting both herself and her son, and in no way relied upon her mother for financial support. Mrs. Marino supports this contention in her answer to interrogatories by stating that no one in her household claimed Matthews as a dependent for state or federal tax purposes. Plaintiff has not produced any evidence contrary to McDonald’s and Marino’s affidavits. Accordingly, again using the summary judgment standard of viewing evidence in the light most favorable to Matthews, the nonmoving party, the evidence shows that Matthews was not financially dependent on Marino. Mass.R.Civ.P. 56(c). The fact that Matthews received no financial support or assistance from his grandmother, Marino, weighs heavily in the analysis that he was not a resident of the Marino home under the Homeowner’s policy. Tamakloe v. Cambridge Mutual Fire Ins. Co., Civil No. 95-2548C, 7 Mass. L. Rptr. 560 (Worcester Super. Ct. Aug. 28, 1997). Moreover, there is no dispute that at the time of the incident McDonald and her ex-husband, not Marino, were legally obligated to support Matthews.
In sum, Matthews did not intend to reside in the Marino house permanently, Matthews was not financially dependent on Marino, and Marino did not have legal responsibility to support Matthews. This uncon-troverted evidence supports this Court’s legal determination that Matthews was not a resident of the Marino household, was not an “Insured” under the terms of the policy, and is consequently entitled to proceeds from Marino’s Homeowner’s Policy.
ORDER
It is hereby ORDERED that plaintiffs motion for summary judgment is DENIED. Summary Judgment is GRANTED, on this Court’s own motion, to defendant Matthews and it is DECLARED that Matthews is not an “insured” under the terms of the Homeowner’s Policy and is therefore entitled to the insurance proceeds. A fined judgment shall enter so declaring this legal outcome.

 Defendant Marino’s daughter.