729 So.2d 484 (1999)
Timothy PHILBIN, a minor, by and through Theresa Bland EDWARDS, Court appointed Attorney Ad Litem and guardian for the purpose of this lawsuit, individually and as judgment creditor of William Curtis, Appellant/Cross-Appellee,
v.
AMERICAN STATES INSURANCE COMPANY, Appellee/Cross-Appellant.
No. 97-3224.
District Court of Appeal of Florida, Fourth District.
March 24, 1999.
Ben J. Weaver of Weaver & Weaver, P.A., Fort Lauderdale, for appellant/cross-appellee.
Paul H. Field of Lane, Reese, Aulick, Summers & Field, P.A., Coral Gables, for appellee/cross-appellant.
PER CURIAM.
Appellant/Cross-Appellee, Timothy Philbin ("Philbin"), appeals the trial court's dismissal with prejudice of his fourth amended complaint for failure to state a cause of action. Appellee/Cross-Appellant, American States Insurance Company ("American States"), appeals the trial court's denial of its motion for summary judgment. We reverse the denial of the summary judgment, rendering moot our consideration of the issues on the main appeal.
Philbin was attacked by a pit bull housed at a residence owned by Richard and Rosemary Curtis (the "Curtises"). At the time of the attack, the Curtises' son, William, was leasing the residence from his parents. Richard and Rosemary resided in a different residence. William was the owner of the pit bull and housed the canine at the residence. The residence was insured by American States. The Curtises were named insureds under the policy. Although William was not listed as a named insured under the policy, the policy provides the following definition:
"insured" means
a. If you are designated in the Declarations as an individual:
(1) you and the following residents of your household:
(a) your relatives;
Philbin brought suit against the Curtises as owners of the residence where the attack occurred, and William as lessee of the premises and owner of the pitbull. American States settled the claim against the Curtises as the named insureds under the insurance policy, but did not provide a defense for William, nor attempt to settle the claim on his behalf. The claims against William proceeded *485 to trial, and Philbin was awarded $2,300,000 in damages against William.
Philbin obtained a court order assigning him William's "chose in action" for bad faith against American States, and filed suit against American States seeking to recover the $2,300,000 judgment.
After Philbin's initial complaint was filed, American States filed a motion for summary judgment, asserting that William was not a "resident of the household" of the named insureds, the Curtises, and thus was not insured under the policy. The trial court denied the motion. Philbin amended his complaint several more times, the last of which was dismissed with prejudice for failure to state a cause of action. Philbin appealed that order, and American States appealed the order denying its motion for summary judgment.
The record reveals that there are no material issues of fact since the record undisputably shows that William Curtis was not a resident relative of his parents' household. He did not live with them, as their depositions clearly show. To the contrary, the record shows that William was renting another residence owned by his parents. We have held that "a policy with a resident family household member provision, requires that those members of the `household' dwell or live together on a permanent basis." Sembric v. Allstate Ins. Co., 434 So.2d 963, 964 (Fla. 4th DCA 1983) (citation omitted); see also Mason v. USAA Cas. Ins. Co., 438 So.2d 1013, 1013 (Fla. 4th DCA 1983); American Sec. Ins. Co. v. Van Hoose, 416 So.2d 1273, 1275-76 (Fla. 5th DCA 1982). While William may have resided in a house owned by his parents, he was not a resident of their household.
We therefore reverse and remand for entry of a judgment in favor of American States.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
STONE, C.J., GUNTHER and WARNER, JJ., concur.