842 So.2d 951 (2003)
FLORIDA RESIDENTIAL PROPERTY & CASUALTY JOINT UNDERWRITING ASSOCIATION, a Florida corporation, Appellant,
v.
Patricia W. ANTHONY, Appellee.
No. 4D01-3472.
District Court of Appeal of Florida, Fourth District.
March 26, 2003.
Rehearing Denied April 29, 2003.
David W. Grossman and Misty C. Schlatter of Vernis & Bowling of Miami, P.A., North Miami, for appellant.
Pamela Beckham of Beckham & Beckham, P.A., North Miami Beach, for appellee.
GROSS, J.
We reverse a summary final judgment finding coverage for the appellee, Patricia Anthony, under a homeowner's insurance policy issued to her sister. We hold that Anthony was not a resident of her sister's household so as to entitle her to coverage as an insured under the policy.
Anthony was a defendant in a dog-bite suit. The bite occurred on property Anthony owned in Hollywood, Florida. Her adult son was living at the property when the dog attack occurred. Anthony agreed that a $100,000 judgment be entered against her in the dog-bite suit.
Anthony brought this suit against appellant, Florida Residential Property & Casualty Joint Underwriting Association ("Florida Residential"), which had denied coverage for the dog bite incident. Florida Residential issued a homeowner's insurance policy to Anthony's sister, Jacqueline Tucker, for a house Tucker owned in Clewiston, Florida. The policy provided coverage to Tucker, the named insured, and to "residents of your household who are *952 [your] relatives." Anthony contended that she was a resident relative of her sister's household, and was therefore entitled to coverage of the dog attack at the Hollywood property.
Tucker never lived in the Clewiston house in the years prior to the dog injury. She never lived in the property through the date of sale, almost six years after the dog injury. She never spent more than a few nights at the house prior to Anthony moving in. She infrequently came by to visit when Anthony lived in the house. Anthony was never a resident of her sister's household within the meaning of the policy.
The trial court granted Anthony's motion for summary judgment and denied that of Florida Residential.
This case is controlled by Philbin v. American States Insurance Co., 729 So.2d 484 (Fla. 4th DCA 1999).
In Philbin, a son sought coverage under his parent's homeowner's policy for injuries caused by his pit bull at his parent's home. The son leased the property from his parents. See id. at 484. The parents did not live at the property at the time of the dog attack. Id. The wording of the policy definition of an "insured" was similar to that in this case. We held that the son was not entitled to coverage, declaring that, "[w]hile [the son] may have resided in a house owned by his parents, he was not a resident of their household." Id. at 485. Thus, despite residing in the house covered under the policy, the son was denied coverage because he "was not a resident relative of his parents' household." Id.
Anthony argues that Philbin does not control this case because the son was paying rent to his parents; here, Anthony paid some bills and helped to remodel some rooms, but she did not pay any rent to her sister. Philbin did not turn on the existence of a landlord and tenant relationship. The critical aspect of our holding was not the rental agreement, but the living arrangement and how it fit into the policy's definition of an insured.
This case is reversed and remanded to the circuit court with directions to enter judgment in favor of Florida Residential.
KLEIN and TAYLOR, JJ., concur.