PER CURIAM.
We reverse the amended final judgment in favor of the appellees and remand the cause to the trial court for the entry of a judgment for the appellants. The trial court determined that Gerrits’ crane, which was used to load cargo onto a barge, which travelled on the barge for the sole purpose of off-loading the cargo at the point of destination, and which itself was not to be delivered or off-loaded, was nonetheless cargo so as to exclude the crane from coverage under the insurance policy in question.[1] In our view, that determination, upon which the judgment stands or falls, is contrary to the well-settled rule that where a term of an insurance policy is susceptible of two interpretations, the interpretation which sustains the claim for indemnity must be adopted. See, e.g., Poole v. Travelers Insurance Co., 130 Fla. 806, 179 So. 138 (1938); National Merchandise Co. v. United Service Automobile Association, 400 So.2d 526 (Fla. 1st DCA 1981); Dorfman v. Aetna Life Insurance Co., 342 So.2d 91 (Fla. 3d DCA 1977). Here the term “cargo” most certainly does not unambiguously include the crane.[2] That being the case, the judgment below cannot stand.
Reversed and remanded.

. The protection and indemnity policy covering Royal Marine Service Co., Inc., the company hired by Gerrits to transport certain building materials by barge, would cover damages to the crane unless the crane were considered cargo and thus within an exclusion to the policy.

. Indeed, it is arguable that the commonly understood meaning of the word "cargo" is goods and merchandise — freight—intended for delivery. See The Manila Prize Cases, 188 U.S. 254, 269-70, 23 S.Ct. 415, 421, 47 L.Ed. 463 (1902) (cargo defined as that "which was intended to be disposed of at the foreign port.").