497 So.2d 1286 (1986)
Ernesto ALAVA, a Minor, BY and THROUGH His Parents and Natural Guardians, Avilio ALAVA and Alicia Martinez, Appellants,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 85-2818.
District Court of Appeal of Florida, Third District.
November 12, 1986.
Rehearing Denied December 16, 1986.
Gerald E. Rosser, Miami, for appellants.
Spencer and Taylor and Dean A. Mitchell, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
BASKIN, Judge.
Ernesto Alava, a minor, appeals a final judgment in favor of Allstate Insurance Company. The sole question before us is whether an automobile insurance policy which provides coverage to family members who are residents of the insured's household applies to a family member who has more than one residence. Appellants maintain that Ernesto, who spends weekdays with his mother and weekends with his father, is a resident of both his mother's and his father's homes, and that, accordingly, he is entitled to coverage under his father's automobile insurance policy. Appellee disagrees, contending that Ernesto is only a guest at his father's house and not a resident within the terms of the policy. After a non-jury trial, the trial court determined that Ernesto was a resident of his mother's household for automobile insurance *1287 purposes, and therefore, not entitled to coverage. We conclude that the trial court erred in holding, as a matter of law, that the policy did not provide coverage to Ernesto.
In 1977, Avilio Alava and Alicia Martinez were divorced in Cuba. No documents exist in the United States pertaining to their divorce. They arrived in the United States with their son, Ernesto, in 1980, as part of the Mariel boat-lift, and settled in South Florida. In 1983, Avilio remarried and began living with his wife and father-in-law in North Fort Lauderdale. Beginning in 1983, Ernesto lived with his mother in Hialeah during the school week and with his father in North Fort Lauderdale on weekends, except for those weekends when Avilio worked or was out-of-town.
On January 3, 1984, Ernesto was struck by an uninsured motorist near his mother's home in Hialeah. At the time of the accident, he was enrolled in elementary school in Hialeah. The school records reflect that his home address was in Hialeah. Alicia's federal tax returns listed Ernesto as a dependent. Avilio, however, contributed regularly to Ernesto's support.
Avilio's automobile policy with Allstate defines "family member" as "a person related to the named insured by blood, marriage or adoption who is a resident of your household...." (Emphasis supplied.) In determining whether Ernesto is an insured under the policy, we must decide whether he is a resident of his father's household. Allstate's policy does not define residence as living continuously in the same house, nor does it limit a household to one residence exclusive of all others. See United States Fidelity & Guaranty Co. v. Williams, 375 So.2d 328, 331 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980). Instead, the policy treats "[t]he concept of household as a family unit, rather than as an address... ." Williams, 375 So.2d at 331.
We are guided by statute and relevant case law in defining the operative terms in this case. Section 627.732(4), Florida Statutes (1983), of the Automobile Reparations Reform Act, defines the term "relative" similarly to the term "family member" used in the Allstate policy: one resides in the family household if he "usually makes his home in the same family unit, whether or not temporarily living elsewhere." Like the Automobile Reparations Reform Act, which broadens insurance coverage, see Charter Oak Fire Insurance Co. v. Regalado, 339 So.2d 277 (Fla. 3d DCA 1976), recent case law, liberally construing "resident of your household" clauses, acknowledges and approves of a variety of family arrangements which extend beyond the physical parameters of the house: Sutherland v. Glens Falls Insurance Co., 493 So.2d 87 (Fla. 4th DCA 1986) (young adult in transition period attempting to establish his own residence considered part of parents' household for insurance purposes); Row v. United Services Automobile Association, 474 So.2d 348 (Fla. 1st DCA 1985) (mentally ill adult considered resident for insurance purposes even though he did not physically reside within the family home); Williams (household includes numerous family members of a poor family who are continually transient and mutually dependent).
Miller v. United States Fidelity & Guaranty Co., 127 N.J. Super. 37, 316 A.2d 51 (App.Div. 1974), and Cal-Farm Insurance Co. v. Boisseranc, 151 Cal. App.2d 775, 312 P.2d 401 (1957), are especially analogous to our facts. In Miller, the court found that for purposes of a home-owner's liability policy the child of divorced parents was a resident of two households. The court in Cal-Farm determined that a child of divorced parents with joint custody was a resident of the father's household for purpose of insurance, despite the fact that the child's physical residence was with his mother. Both Miller and Cal-Farm conclude that their respective custody decrees are not determinative of the issue of residency for purposes of insurance coverage.
*1288 Allstate relies on factually distinguishable cases to support its contention that Ernesto was not a resident of his father's house. In Sembric v. Allstate Insurance Co., 434 So.2d 963 (Fla. 4th DCA 1983), review denied, 443 So.2d 980 (Fla. 1984), the court held that an uncle, who had lived in Ohio for twenty years, paid Ohio income taxes, and was a registered Ohio voter, was not a resident of his nephew's home for insurance purposes merely because he visited his nephew's Florida home for seven weeks of the year. In Griffin v. General Guaranty Insurance Co., 254 So.2d 574 (Fla. 3d DCA 1971), this court held that an uncle was not the resident of his nephew's household simply because he spent three or four days a week there; rather, he maintained his residence with his mother and stepfather at another domicile. In Cavalier Insurance Corp. v. Bailey, 292 So.2d 67 (Fla. 3d DCA 1974), the minor daughter of divorced parents lived exclusively with her mother, and hence, was neither an insured nor a resident under the father's automobile insurance policy.
In contrast, the facts here reveal that Ernesto is, indeed, a resident of two households. Despite their divorce, appellants clearly intended that Ernesto maintain relationships with both parents. Appellants' intention is manifested by the regularity with which Ernesto lived with his father during weekends, and by the child's own testimony at trial where he stated that he lived with both parents after his arrival in the United States. Like the Miller and Cal-Farm courts, we find the absence of a formal custody order immaterial to the issue before us. We therefore hold that appellants have demonstrated that the trial court's findings are against the manifest weight of the evidence, see General Insurance Co. v. Ramanovski, 443 So.2d 302 (Fla. 3d DCA 1983); Groover v. Adiv Holding Co., 202 So.2d 103, 104-105 (Fla. 3d DCA 1967), and that Ernesto is entitled to coverage under his father's automobile insurance policy. Accordingly, we reverse the final judgment and remand the cause to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.