JORGENSON, Judge.
Harvard Farms, Inc., et al., appeal from an order of final summary judgment in an action to recover under an animal insurance policy covering theft and unlawful removal of a horse. For the following reasons, we reverse.
Harvard Farms entered into an insurance contract with National Casualty Company which covered the “theft and unlawful removal” of a purebred Arabian horse named Sahr Hal Sahr. The policy contained an exclusionary clause which stated:[1]
BUT IN NO EVENT DOES THIS EXTENSION COVER: a) any loss arising from mysterious disappearance, escape, or voluntary parting of possession or title to the animal(s) as a result of the insured (or others to whom the animals may have been entrusted) being induced by a fraudulent scheme, trickery, or similar false pretense, or consequential loss.
*1279 Sometime between April 2, 1985, and November 6, 1985, the horse was lost. Upon notification of the loss, the insurer denied coverage, claiming that the exclusion for loss due to mysterious disappearance applied. Thereafter, Harvard Farms filed a lawsuit against National Casualty for breach of contract. Both parties moved for summary judgment. Based on the terms of the animal insurance contract, the trial court granted National Casualty’s motion and, in doing so, erred.
It is well settled that exclusionary provisions which are susceptible to more than one meaning as they apply to the given facts must be construed in favor of the insured and against the insurer who chose the language in drafting the policy. State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So.2d 1245, 1248 (Fla.1986); Edward J. Gerrits, Inc. v. Royal Marine Serv. Co., 456 So.2d 1316, 1317 (Fla. 3d DCA 1984), rev. denied sub nom. Lexington Ins. Co. v. Royal Marine Serv. Co., 464 So.2d 555 (Fla.1985). After examining the exclusionary clause in question, as well as the coverage provided, we conclude that the exclusionary clause is not susceptible to more than one interpretation. However, we hold that the trial court erred in interpreting the policy to exclude coverage for any mysterious disappearance.
By its plain terms, the exclusionary clause excludes from coverage any loss which results from mysterious disappearance only if it can be shown that some type of fraud induced the insured to lose the horse. A grammatical analysis reveals that the restrictive clause “as a result of” necessarily modifies each preceding clause within the sentence and not merely “voluntary parting of possession.” See H.W. Fowler, A Dictionary of Modern English Usage 588 (2d Ed.1965). If the insurer wanted to make it clear that the “as a result of” clause qualified only the words “voluntary parting of possession,” then this could have been done by inserting “as a result of” immediately before “voluntary parting of possession.” Id. Moreover, the insurer erroneously argues that “as a result of” cannot modify “mysterious disappearance” because there is no comma before “as a result of.” In fact, a comma before the “as a result of” clause would be improper. See R. Gavin & E. Hutchinson, Reference Manual for Stenographers and Typists 46 (3d Ed.1961) (a restrictive, or essential, clause is necessary to the meaning of the sentence. Because it cannot be omitted, commas are not used to set it off); W. Himstreet & W. Baty, Business Communications Principles and Methods (7th Ed.1984) (a comma is used to separate words in a series and to separate a nonrestrictive clause from the rest of the sentence) (emphasis supplied).
Thus, we agree with the insured that the trial court erred in entering final summary judgment in favor of the insurer based on the terms of the insurance policy. We also conclude that the questions of whether there in fact was a theft and whether the insured was fraudulently induced are questions of fact to be determined by a jury.
Reversed and remanded for further proceedings consistent with this opinion.

. The exclusionary language used in the instant case is unique. More commonly, policies insure against theft and exclude only for mysterious disappearance. See generally Coastal Plains Feeders, Inc. v. Hartford Fire Ins. Co., 545 F.2d 448 (5th Cir.1977); 10A Couch on Insurance § 42.84 (2d Ed. 1982).