563 So.2d 200 (1990)
BANKERS LIFE AND CASUALTY CO., Appellant,
v.
Alberto VADRA, Appellee.
No. 89-863.
District Court of Appeal of Florida, Third District.
June 26, 1990.
Almeyda & Hell and Edward Almeyda and Linda Bellomio Lentine, Miami, for appellant.
Joseph A. Ferrara, Coral Gables, for appellee.
Before COPE, LEVY and GERSTEN, JJ.
PER CURIAM.
Bankers Life and Casualty Co. appeals a partial summary judgment finding that there is coverage for its insured, Alberto *201 Vadra, under a medical insurance policy. We affirm.
Bankers Life issued a medical insurance policy to Vadra. For reasons not pertinent here, a premium payment was not timely made and after expiration of the grace period, the policy lapsed. Bankers Life sent Vadra a form on which to request reinstatement of the policy, requesting that it be returned within ten days. The form indicated, in part, that the reinstatement would be effective "on the day you [the insurer] approve this request." The form was to be signed by the insured, representing that the insured was in good health, and was to be accompanied by a premium payment.
In early February, 1988 Vadra's business partner delivered a premium payment to the receptionist at the Miami Bankers Life office, but did not return the form. The payment was forwarded to Bankers Life's home office where it was deposited. During February, Vadra had a heart attack. There is a dispute as to whether the heart attack occurred before or after the payment was delivered to the Miami Bankers Life office. During February, Bankers Life sent Vadra another reinstatement form which Vadra completed and sent to Bankers Life, apparently after his heart attack.
The Bankers Life policy provided, in part:
REINSTATEMENT: If the premium isn't paid before the grace period ends, this policy will lapse. Later acceptance of premium by us (or by an agent authorized to accept payment) without requiring an application for reinstatement will reinstate this policy. If we or our agent require an application, you'll be given a conditional receipt for the premium. If the application is approved, this policy will be reinstated as of the approval date. Lacking such approval, this policy will be reinstated on the 45th day after the date of the conditional receipt unless we have previously notified you, in writing, of our disapproval.
(emphasis added).
The reinstatement provision of the Bankers Life policy is statutorily required. The applicable statute, subsection 627.609, Florida Statutes (1987), provided, in part:
(1) The contract shall include the following provision:
"Reinstatement: If the renewal premium is not paid before the grace period ends, the policy will lapse. Later acceptance of the premium by the insurer, or by an agent authorized to accept payment without requiring an application for reinstatement, will reinstate this policy. If the insurer or its agent requires an application, the insured will be given a conditional receipt for the premium. ..."
(Emphasis added).
The trial court concluded that, upon receiving the premium check in the home office, Bankers Life was obliged to issue a conditional receipt in order to preserve its rights under the statute and the insurance policy. The company cashed the check but did not issue a conditional receipt. Approximately one month later, Bankers Life issued a refund check and took the position that the policy had not been reinstated. The insurer then denied coverage for Vadra's hospitalization.
It is axiomatic that insurance policies, as well as the Insurance Code, will be construed in favor of the insured and insurance coverage. See New York Life Ins. Co. v. Bird, 152 Fla. 532, 12 So.2d 454 (1943); Edward J. Gerrits, Inc. v. Royal Marine Service Co., 456 So.2d 1316 (Fla. 3d DCA 1984), review denied sub nom. Lexington Ins. Co. v. Royal Marine Service Co., 464 So.2d 555 (Fla. 1985). The trial court correctly concluded that acceptance of the premium without the conditional receipt reinstated the policy. Bankers Life relies on such decisions as Reliance Insurance Co. v. D'Amico, 528 So.2d 533 (Fla. 2d DCA 1988) and Mutual of Omaha Insurance Co. v. Eakins, 337 So.2d 418 (Fla. 2d DCA 1976), but neither case involves the statute and policy provision at issue here.
Affirmed.