PER CURIAM.
PMR Construction, Inc. [PMR], appeals a final summary judgment in favor of Ranger Insurance Company [Ranger]. We reverse.
In PMR Constr., Inc. v. Ranger Ins. Co., 546 So.2d 1101 (Fla. 3d DCA 1989), this court reversed a summary judgment in favor of Ranger Insurance Company holding that “the trial court altogether neglected [PMR’s] rights to coverage under the personal injury and property damage [Section II] liability section of the policy. Thus, we reverse and remand for further proceedings on this issue.” Id. PMR contends that our prior opinion established its right to coverage under Section II of the policy. We disagree. Our opinion required the trial court to consider the availability of such coverage. The trial court acted in accordance with our mandate when it considered and correctly determined that no coverage was available under the Phase I policy.
However, the trial court erred in entering summary judgment in favor of the insurer. We conclude that the question of whether the accident occurred on “the ways immediately adjoining such [insured] premises on land” entitling PMR to coverage under the policies for Phases II and III, remains to be determined by the trier of fact. Thus, summary judgment was improper. Moore v. Morris, 475 So.2d 666 (Fla.1985); see Harvard Farms, Inc. v. National Casualty Co., 555 So.2d 1278 (Fla. 3d DCA), review denied, 564 So.2d 1086 (FIa.1990).
Reversed and remanded.