PER CURIAM.
This is the second time this case appeared before this comí; after entry of summary judgment. Harvard Farms, Inc. v. Nat’l Casualty Co., 555 So.2d 1278 (Fla. 3d DCA1990). The background of the mysterious disappearance of the horse, Sahr Hal Sahr, is set forth in our previous opinion.
After remanding the case for trial on the issue of whether the insurance policy covered the loss of the horse, Sahr Hal Sahr, the jury returned a verdict adverse to Harvard Farms, Inc. (Harvard Farms). The trial court granted a mistrial with respect to appellant Saks, the owner of the horse, due to a hung jury. Thereafter, National Casualty (National) and Saks moved for summary judgment. National’s motion asserted that there could be no recovery for Saks for the loss of the horse under the facts established at trial, and the terms of the policy as a matter of law. The trial court entered final summary judgment in favor of appellee, National, and against Saks. We affirm.
The insurance policy issued by National excluded losses arising from any mysterious disappearance under the following clause:
any loss arising from mysterious disappearance, escape, or voluntary parting of possession or title to the animal(s) as a result of the insured (or others to whom the animals may have been entrusted) being induced by a fraudulent scheme, trickery or similar false pretenses or consequential loss.
Under a practical and sensible interpretation of this exclusionary clause, it is clear that summary judgment was proper in this case.
At trial, the jury found that the loss resulted from “mysterious disappearance, escape, or voluntary parting of possession or title to the horse induced by a fraudulent scheme, trickery or similar false pretenses on the part of Harvard Farms, or others to whom the horse may have been entrusted.” Saks established that he entrusted the horse to Harvard Farms, and the horse disappeared while under Harvard Farms’ care. Since the policy excluded such a mysterious disappearance, the exclusionary clause barred Saks’ recovery as a matter of law.
Insurance policies must be given practical, sensible interpretations in accordance with the natural meaning of the words employed. Simmons v. Provident Mut. Life Ins. Co., 496 So.2d 243 (Fla. 3d DCA1986); Hess v. Liberty Mut. Ins. Co., 458 So.2d 71 (Fla. 3d DCA1984); New Hampshire Ins. Co. v. Carter, 359 So.2d 52 (Fla. 1st DCA1978). A sensible reading of the insurance clause when applied to the facts of this case precludes Saks from being compensated for the loss of the horse.
Affirmed.