702 So.2d 513 (1997)
PROGRESSIVE INSURANCE COMPANY, Appellant,
v.
The ESTATE OF Elizabeth J. WESLEY; The Estate of Taylor C. Wesley; and Stephen Wesley, as personal representative of The Estate of Taylor C. Wesley, Appellees.
No. 96-01220.
District Court of Appeal of Florida, Second District.
September 26, 1997.
Rehearing Denied November 14, 1997.
*514 Tracy Raffles Gunn and George A. Vaka of Fowler, White, Gillen, Boggs, Villareal and Banker, Tampa, for Appellant.
Nevin A. Weiner of Livingston, Patterson, Strickland & Weiner, P.A., Sarasota, for the Estate of Taylor C Wesley; and Stephen Wesley, as personal representative of the Estate of Taylor C. Wesley.
Marlene S. Reiss and Gary Khutorsky of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for the Estate of Elizabeth J. Wesley.
QUINCE, Judge.
Progressive Insurance Company (Progressive) appeals the summary judgment entered in a declaratory judgment action. We affirm the trial court's determination that the term "relative" as used in the insurance policy is ambiguous and must be construed in a manner which would afford coverage.
Progressive filed a petition for declaratory judgment seeking a declaration that Taylor Wesley was not covered under a policy of insurance issued to his mother, Elizabeth Wesley, now deceased. Stephen Wesley, as personal representative of the estate of his deceased son, Taylor Wesley, made a demand for payment under Mrs. Wesley's Progressive policy. Taylor was killed in an automobile accident while a passenger in a car driven by his mother. At the time of the accident, Stephen and Elizabeth Wesley were divorced and Stephen had been awarded primary residential custody of Taylor. However, both parents had shared parental responsibility. Taylor stayed at his mother's house for three consecutive nights (from Friday afternoon until school began on Monday morning) every other week. It is undisputed that Mrs. Wesley kept a room for Taylor in her home, and the room contained toys, clothing and other personal items belonging to Taylor.
Mrs. Wesley's liability policy with Progressive provided for bodily injury liability limits of $250,000 per person and $500,000 per accident for damages the insured was legally liable to pay. The policy also contained an exclusion from coverage for bodily injury to the insured or a relative. The policy defined relative as "a person living in your household and related to you by blood, marriage or adoption...." A person is a relative under this policy only if he or she meets two criteria, i.e., a relationship formed by blood, marriage or adoption and living in the same household.
*515 Taylor Wesley was the natural son of Elizabeth Wesley; therefore, he was related to her by blood. The question presented to the trial court and to this court is whether Taylor was a person living in Mrs. Wesley's household. The trial court concluded the term relative as used in the policy was ambiguous and that Taylor was not a person living in Mrs. Wesley's household for purposes of the exclusionary clause. We agree with the trial court that the term relative is ambiguous since it is capable of being interpreted in at least two ways. See State Farm Fire & Casualty Co. v. Metropolitan Dade County, 639 So.2d 63 (Fla. 3d DCA), review denied, 649 So.2d 234 (Fla.1994).
In the divorce proceedings, Mr. Wesley was given primary residential custody of Taylor. Taylor lived in his father's home during most of the week, but spent every other weekend with his mother. In addition, Taylor spent several hours on Wednesday nights with his mother, and the parents shared holidays and vacations. Thus, for purposes of determining where Taylor was living, it would be reasonable to say that Taylor lived with his father since he spent more time at the father's residence. However, it would not be unreasonable for one to determine that Taylor lived with both his mother and father since he spent time at both residences, he had a room and personal items at each place, and his parents had shared parental responsibility.
Either determination of Taylor's residency would be reasonable. We must accept the interpretation which would favor the insured. See State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So.2d 1245 (Fla.1986). It is the insurer who drafted the policy, and, if coverage is excluded under these circumstances, the policy should so state in clear and unmistakable language. Meister v. Utica Mut. Ins. Co., 573 So.2d 128 (Fla. 4th DCA), review denied, 583 So.2d 1038 (Fla. 1991).
Progressive relies in part on the Third District's decision in Alava v. Allstate Ins. Co., 497 So.2d 1286 (Fla. 3d DCA 1986), review denied, 508 So.2d 13 (Fla.1987), for the proposition that children of divorced parents are residents of each parent's household, and, therefore, Taylor is excluded under this policy. In Alava the minor child of divorced parents lived with the mother in Hialeah. The father lived in North Fort Lauderdale and the child spent the weekends with him. The child was struck by an uninsured motorist near the mother's home in Hialeah. The parents sought to recover damages for the child's injuries against the father's automobile policy with Allstate. The father's policy provided coverage for the insured and family members living in the insured's household. The trial court found that the child was a resident of the mother's household and not entitled to coverage under the Allstate policy. On appeal the district court reversed, finding the child was a resident of both households and entitled to coverage under the father's policy.
The court in Alava was concerned with an insurance policy which provided coverage for family members who were residents of the insured's household. The Third District was addressing a grant of coverage, not an exclusion from coverage. When dealing with grants of coverage, the courts should interpret the policy language broadly in favor of the existence of insurance, while limitations or exclusions should be interpreted narrowly against the insurer. Allstate Ins. Co. v. Neumann, 435 N.E.2d 591 (Ind. App.1982). The Alava court interpreted the policy language broadly in favor of coverage.
Unlike the court in Alava, we are dealing with a limitation on coverage; thus, the policy is being interpreted narrowly. Our narrow construction of this policy provision parallels that of the appellate court in California on almost identical facts. In National Auto. & Cas. Ins. Co. v. Underwood, 9 Cal.App.4th 31, 11 Cal.Rptr.2d 316 (1992), the father, and primary caregiver, of his children sought damages for personal injuries sustained in an automobile driven by the insured, the children's mother. The insurance company filed a declaratory judgment action seeking to have the court determine that the children were residents of their mother's household and, therefore, excluded from coverage under a policy provision that excluded the insured and any residents of her household. The appellate court affirmed the trial court's determination *516 that the children were not residents of the mother's household for purposes of the exclusionary provision of the mother's policy. In so holding, the court stated, as we do here, that the term resident was ambiguous and was to be construed against the insurer and in favor of the insured.
Because we find the term relative as used in Mrs. Wesley's insurance policy is ambiguous, we affirm the trial court's ultimate determination that Taylor Wesley was not excluded from coverage under his mother's insurance policy with Progressive.
BLUE, A.C.J., and NORTHCUTT, J., concur.