763 So.2d 407 (2000)
FIRST FLORIDIAN AUTO AND HOME INSURANCE COMPANY, Appellant,
v.
Beverly J. THOMPSON and Betty J. Christensen, Appellees.
No. 2D99-2850.
District Court of Appeal of Florida, Second District.
May 24, 2000.
Rehearing Denied June 23, 2000.
*408 Kelly Kathleen Gray and Charles E. McKeon of Law Offices of Charles E. McKeon, P.A., Tampa, for Appellant.
William F. Blews of William F. Blews, P.A., St. Petersburg, for Appellee Beverly J. Thompson.
David Robert Ellis of David Robert Ellis, P.A., Largo, for Appellee Betty J. Christensen.
CAMPBELL, Acting Chief Judge.
Appellant, First Floridian Auto and Home Insurance Company (insurer), denied Appellee, Beverly J. Thompson, coverage for injuries she received while riding as a passenger in her mother's vehicle, which was insured by the insurer. The trial court entered final summary judgment in favor of coverage, and the insurer appeals. We affirm.
The insurer had denied Thompson coverage on the basis of an exclusionary clause in the automobile policy of Thompson's mother, Betty J. Christensen. That clause provided: "We do not provide Liability Coverages for any person for `bodily injury' to anyone related to that person who is a resident of the same household."
Exclusionary clauses are construed in favor of an insured. See Progressive Ins. Co. v. Wesley, 702 So.2d 513 (Fla. 2d DCA 1997), review denied, 717 So.2d 536 (Fla.1998). The trial court found that the undefined term "resident" in the exclusionary clause in question was ambiguous and construed it in favor of coverage.
Appellee Thompson, a married woman with three adult children and several grandchildren, lived with her husband in Montevideo, Minnesota. However, when she began having marriage difficulties, she came to her parents' home in Largo, Florida, around September 3, 1996, to see what possibilities were open to her in Florida if she decided to continue her separation from her husband. Appellee Christensen testified by deposition that Thompson was "visiting," that she had come "to see her father, who was in a nursing home. To be with me and to get her life, maybe, back in order a little bit and see if she could make some money."
On December 3, 1996, Thompson was seriously injured in an automobile accident in which she was a passenger in her mother's automobile. She was in and out of hospitals until mid-February 1997. She then recuperated in Appellee Christensen's home. She spent the month of March and part of April 1997 in Wisconsin with her daughter. She spent the remainder of April 1997 with other family in Wisconsin and Minnesota and returned to Appellee Christensen's home in May 1997. On June 30, 1997, she returned to her marital home in Minnesota.
*409 The insurer denied Thompson's claim under Christensen's policy, asserting that she was a "resident" of Christensen's household, which barred her from coverage under the exclusionary clause. However, the trial judge, on undisputed facts, construed the ambiguous term "resident" in favor of coverage and held that Thompson was not a "resident" of Christensen's household. Because no genuine issues of material fact remain, and the trial court correctly construed the exclusionary clause so as to provide coverage, we conclude that the trial court correctly found that coverage existed. Accordingly, the court did not err in entering summary final judgment in favor of appellees.
Affirmed.
PARKER, J., and DANAHY, PAUL W., (Senior) Judge, Concur.