COPE, J.
Ateret Malón, doing business as Crown Hotel, and Alliance General Insurance Company appeal an adverse summary judgment in an insurance coverage dispute. As we conclude that there is coverage under the commercial garage insurance policy issued by appellee Colony Insurance Company, we reverse.
A guest of the Crown Hotel suffered serious personal injuries as a result of being struck by a luggage cart that was being pushed across the hotel lobby by a valet parker. The valet parker was employed by Mac Parking Inc., an independent contractor who provided valet parking services at the hotel. Mac Parking employees, under the supervision of the hotel bell captain, frequently provided assistance in the transportation of luggage.
At the time of the accident, the hotel was insured under a commercial general liability policy by Alliance General Insurance Company. The Alliance policy provided coverage for this accident.
The hotel was also insured under a commercial garage policy issued by Colony Insurance Company. Mac Parking was an additional insured. The Colony policy, which described the insured business as “Valet Parking,” covered garage operations and provided that garage operations include “all operations necessary or incidental to a garage business.” The question before us is whether the Colony policy also covers this accident.
The guest filed suit against the hotel and Mac Parking. That action was settled. The hotel and Alliance then filed a complaint for declaratory relief against Colony, alleging that Colony’s policy was primary and should provide coverage for the accident. Colony counterclaimed for declaratory relief, contending that there was no coverage. Colony argued that the *1015 accident did not occur in the course of a garage operation, within the meaning of the insurance policy.
Both sides filed motions for summary judgment. The trial court entered final judgment in favor of Colony, holding that the use of the luggage cart in the hotel lobby was not necessary or incidental to a garage business and, therefore, the Colony policy did not provide coverage. We respectfully disagree.
The principle that ambiguities in insurance coverage clauses should be construed in favor of the insured, and coverage, is well established. See Union American Ins. Co. v. Maynard, 752 So.2d 1266, 1268 (Fla. 4th DCA 2000); Southeast Farms, Inc. v. Auto-Owners Ins. Co., 714 So.2d 509 (Fla. 5th DCA 1998); Progressive Ins. Co. v. Estate of Wesley, 702 So.2d 513, 514 (Fla. 2d DCA 1997); National Merchandise Co., Inc. v. United Serv. Auto. Ass’n, 400 So.2d 526, 530 (Fla. 1st DCA 1981); Travelers Ins. Co. v. Smith, 328 So.2d 870, 872 (Fla. 3d DCA 1976).
In the instant case, a hotel purchased a commercial garage policy in which the insured business was described as “Valet Parking,” the hotel was the named insured, and the company hired by the hotel to provide valet parking service was an additional insured. The policy defined garage operations to include “all operations necessary or incidental to a garage business.”
When guests arrive by car to check in to a hotel it is customary for the passengers to exit the vehicle and have their luggage unloaded before the valet parks the car. Where, as here, valet personnel unload the luggage and move it into the hotel lobby, that service is properly viewed as being incidental to the valet parking service. Any doubt on this score must be resolved in favor of the insureds, the hotel and Mac Parking. We conclude that there is coverage under the Colony insurance policy.
Accordingly, we reverse the judgment and remand for further proceedings consistent herewith.