24 So.3d 809 (2010)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Gilda MENENDEZ, Fabiola G. Llanes, Fabiola P. Llanes and Roger Llanes, Appellees.
No. 3D08-2969.
District Court of Appeal of Florida, Third District.
January 6, 2010.
Russo Appellate Firm and Elizabeth K. Russo, Miami; Bernstein, Chackman, Liss & Rose, Hollywood, for appellant.
*810 Gonzalo R. Dorta, Miami, for appellee Gilda Menendez.
Ross & Girten and Lauri Waldman Ross and Theresa L. Girten, Miami; Karel Remudo, Miami, for appellees Fabiola G. Llanes, Fabiola P. Llanes, and Roger Llanes.
Before COPE, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, J.
State Farm Mutual Automobile Insurance Company ("State Farm") appeals from a final summary judgment entered in a declaratory relief action wherein the trial court found that the household exclusion in the automobile insurance policy issued by State Farm to Gilda Menendez ("named insured") was ambiguous as applied to Fabiola P. Llanes and Roger Llanes (collectively, "parents"), and therefore, unenforceable. We affirm.
The named insured permitted her granddaughter, Fabiola G. Llanes ("the named insured's granddaughter"), to use her vehicle. While operating the vehicle, the named insured's granddaughter negligently collided with another vehicle, resulting in injuries to herself, her parents, and the named insured. When the accident occurred, the named insured's granddaughter was living with her parents, and the named insured was living at a separate address.
Following the accident, the parents filed suit against the named insured seeking to recover damages for their bodily injuries, and the named insured sought coverage from State Farm. State Farm denied coverage for the parents' injuries based on the policy's household exclusion, which provides as follows:
When [Liability] Coverage A Does Not Apply
. . . .
THERE IS NO COVERAGE:
. . . .
2. FOR ANY BODILY INJURY TO:
. . . .
c. ANY INSURED OR ANY MEMBER OF AN INSURED'S FAMILY RESIDING IN THE INSURED'S HOUSEHOLD.
State Farm asserted that the named insured's granddaughter, as a permissive user of the insured vehicle, was an insured under the policy. Because the named insured's granddaughter and her parents resided in the same household, State Farm argued that there was no coverage under the policy for the parents' bodily injuries based on the above household exclusion.
The parents, however, claimed that the phrase "the insured" refers to the named insured, Gilda Menendez, and that the definition of "the insured" does not include permissive users of the insured. The parents therefore argued that because they were not residing in "the insured's" household at the time of the accident, the household exclusion was inapplicable to them. Following the hearing, the trial court concluded that the household exclusion was ambiguous and entered final summary judgment against State Farm and in favor of the named insured, the named insured's granddaughter, and the parents. State Farm's appeal followed.
The issue before this Court is whether the household exclusion bars the bodily injury claims of the parents, who were not residing with the named insured on the date of the accident. Because the interpretation of an insurance contract presents a question of law, this Court's standard of review is de novo. See Martinez v. Citizens Prop. Ins. Corp., 982 So.2d 57 (Fla. 3d DCA 2008); Auto-Owners *811 Ins. Co. v. Marvin Dev. Corp., 805 So.2d 888, 891 (Fla. 2d DCA 2001).
We begin our analysis with the well-established principles guiding interpretations of insurance policiesthat "[e]xclusionary clauses [must be] construed in favor of an insured," First Floridian Auto & Home Ins. Co. v. Thompson, 763 So.2d 407, 408 (Fla. 2d DCA 2000), and if a policy's language is subject to differing interpretations, the language "should be construed liberally in favor of the insured and strictly against the insurer." State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So.2d 1072, 1076 (Fla. 1998); see also Fayad v. Clarendon Nat'l Ins. Co., 899 So.2d 1082, 1086 (Fla.2005) (holding that "[a]mbiguous coverage provisions are construed strictly against the insurer that drafted the policy and liberally in favor of the insured"); Bankers Life & Cas. Co. v. Vadra, 563 So.2d 200, 201 (Fla. 3d DCA 1990) (holding that insurance policies must be construed against the insurance company and in favor of the insured and insurance coverage).
The household exclusion referred to earlier provides, in pertinent part, that there is no liability coverage for any bodily injury to "[a]ny insured or any member of an insured's family residing in the insured's household." (bolding omitted; changed from uppercase to sentence case). The definitional section of the policy provides that "insured" means "the person, persons or organization defined as insureds in the specific coverage...." "You or your" is defined as "the named insured or named insureds shown on the declaration page."
In the section of the policy where the household exclusion appears, the following explanation is provided:
When we refer to your car, a newly acquired car or a temporary substitute car, insured means:
1. you;

2. your spouse;

3. the relatives of the first person named in the declarations;
4. any other person while using such a car if its use is within the scope of consent of you or your spouse; and
5. any other person or organization liable for the use of such a car by one of the above insureds.

It is undisputed that Menendez is the "named insured" shown on the declaration page. It is also undisputed that she permitted her granddaughter to use the insured vehicle. Based on the above definitions, it is clear that both Menendez and her granddaughter are insureds and the household exclusion bars any bodily injury claims asserted by them. However, as to the bodily injury claims of the parents, the household exclusion is susceptible to more than one reasonable interpretation. State Farm suggests that the phrase "the insured" does not mean the named insured because the term "you or your" has been defined to mean the "named insured." Thus, State Farm argues that if it intended for the phrase "the insured" to mean the "named insured," the policy would have read as follows: "Any insured or any member of an insured's family residing in your household." The parents however suggest that the use of the word "the" before "insured" refers to the insured named in the declaration, Gilda Menendez. Thus, for the exclusion to apply, the family member of "an insured" would have to reside in the same household as the named insured. Because the named insured's granddaughter's parents do not reside in the same household as the name insured, the parents argue that the household exclusion cannot be applied to bar their bodily injury claims.
As the language of the household exclusion is ambiguous and because it is susceptible *812 to different, but reasonable, interpretations, we must construe the language in favor of the insured and against the insurer. We therefore conclude that the trial court correctly entered final summary judgment in favor of the appellees and against State Farm.[1] Accordingly, we affirm the order below.
Affirmed.
COPE, J., concurs.
CORTIÑAS, J., concurs in result only.
NOTES
[1] In affirming the final summary judgment, we have not overlooked Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977). In Reid, the Florida Supreme Court addressed the validity of household exclusions, stating: "It is generally accepted, in the absence of a statutory prohibition, that provisions of automobile liability insurance policies excluding from coverage members of the insured's family or household are valid." However, Reid did not involve the direct interpretation of the household exclusion, and the Court was not asked to interpret the application of the household exclusion contained in the policy.